IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2141-F

| | |
|---|---|
| VINCENT COX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

This matter arises from the petition for writ of habeas corpus [DE-1], pursuant to 28 U.S.C. § 2254, filed by Petitioner, a state prisoner proceeding pro se. Presently before the court is Respondent's motion to dismiss [DE-5]. For the following reasons, Respondent's motion to dismiss [DE-5] is ALLOWED, and the petition is DISMISSED.

## I. Background

On September 18, 2012, in the Superior Court of Lenoir County, Petitioner pled guilty to first degree burglary and assault with a deadly weapon with intent to kill inflicting serious injury and was sentenced to consecutive terms of 90 to 117 and 35 to 51 months imprisonment. Pet. [DE-1], p. 1. Petitioner did not file a direct appeal. Id. at p. 2.

Petitioner filed a pro se Motion for Appropriate Relief ("MAR") in Lenoir County Superior Court on June 19, 2013, which was denied on June 27, 2013. Pet. [DE-1], p. 3; Pet'r. Ex. [DE-1-1], pp. 69-70. On July 12, 2013, Petitioner filed a certiorari petition in the North Carolina Court of Appeals [DE-6-3], which was denied on July 29, 2013 [DE-6-4]. Petitioner filed a certiorari petition in the Supreme Court of North Carolina on August 29, 2013, which was denied on November 7,

2013. Pet'r. Ex. [DE-1-1], pp. 76-81. Finally, Petitioner filed a certiorari petition in United States Supreme Court on January 9, 2014, which was denied on May 19, 2014. Id. at pp. 84-85.

The instant petition was filed on June 11, 2014. Pet. [DE-1], p. 16. This court concluded that the petition survived initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts on December 16, 2014 [DE-2] and instructed the Clerk of Court to maintain management of the matter. Respondent filed the instant motion to dismiss on January 2, 2015 [DE-5] and Petitioner filed a timely response [DE-8]. Accordingly, the matter is now ripe for adjudication.

## II. Motion to dismiss

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

2

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. Taylor, 186 F.3d at 560–61. The period between the time a petitioner's conviction becomes final and the time a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The statutory period

3

then resumes after the state highest state court denies post-conviction relief to a petitioner. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2000); Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek direct review in the North Carolina Court of Appeals, his conviction became final no later than October 2, 2012, when the fourteen-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 653–54 (2012). The statutory period then began to run on October 2, 2012, and ran for 260 days until Petitioner filed his June 19, 2013 MAR. Petitioner's one-year period then remained tolled until the Supreme Court of North Carolina denied his certiorari petition on November 7, 2013.[1] See, e.g., Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438. The statutory period then began ran for another 105 days until it expired on February 20, 2014. Petitioner failed to meet this deadline. Accordingly, absent equitable tolling, the instant petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland, 560 U.S. at 655. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quotations omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to

---

[1] Ordinarily, a certiorari petition filed in the North Carolina Supreme Court does not toll the limitations period. N.C.G.S. § 7A-28(a). Out of an abundance of caution, the court will nonetheless assume that the limitations period was tolled by the certiorari petition Petitioner filed in the Supreme Court of North Carolina on August 29, 2013. The certiorari petition filed in the United States Supreme Court on January 9, 2014 does not toll the limitations period. Lawrence v. Florida, 549 U.S. 327, 332 (2007).

4

circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir.), cert. denied, 549 U.S. 1122 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Here, Petitioner suggests that he is entitled to equitable tolling because he received ineffective assistance of counsel. Pet'r. Mem. [DE-8], pp. 8-9. Generally, ineffective assistance of counsel does not warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

Petitioner's conclusory allegations of ineffective assistance are insufficient to establish that the alleged negligence in this case was anything other than a "garden variety claim of excusable neglect." Oriakhi, 394 F. App'x at 977. Accordingly, Petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground. Snyder v. Warden, No. ELH-11-1392, 2011 WL 3665029, at *2 (D. Md. Aug. 18, 2011) ("[Petitioner's] general claim of ineffective assistance fails to provide a basis for equitable tolling . . . [because he] fails to show that he

5

diligently pursued his rights."). Because Petitioner has not demonstrated that he is entitled to equitable tolling, this action is time-barred.

In addition to his equitable tolling claims, Petitioner contends that his action is not time-barred because he is actually innocent of the offenses at issue. Recently, the Supreme Court recognized in McQuiggin v. Perkins, —— U.S. ——, ——, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, —— U.S. at ——, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, Petitioner, however, has not set forth any new or reliable evidence establishing his actual innocence or any justifiable explanation for his delay in raising his actual innocence claim. Petitioner's conclusory allegations are insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013) ("Here, petitioner's conclusory arguments that new evidence of some ill-defined "fraud" by the Commonwealth undermines the

validity of his convictions,[] falls far short of meeting this exacting standard. Therefore, petitioner's reliance on McQuiggin to overcome the untimeliness of this petition is unavailing."), appeal dismissed, 591 F. App'x 217 (4th Cir. 2015). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

### III. Certificate of Appealability

Having determined that Respondent is entitled to summary judgment, the court must now consider whether Petitioner is entitled to a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the petition in light of the applicable standards, the court finds that reasonable jurists would not find the court's treatment of the petition debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability.

### IV. Conclusion

For the foregoing reasons, Respondent's motion to dismiss [DE-5] is ALLOWED, and the instant petition is DISMISSED. The court DENIES a certificate of appealability, and the Clerk of

7

Court is DIRECTED to close this case.

SO ORDERED. This the 28 day of July, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge